No. 23-40076

# In the United States Court of Appeals
# for the Fifth Circuit

---

R.J. REYNOLDS TOBACCO COMPANY; SANTA FE NATURAL TO-
BACCO COMPANY, INCORPORATED; ITG BRANDS LLC; LIGGETT
GROUP LLC; NEOCOM, INCORPORATED; RANGILA ENTER-
PRISES, INCORPORATED; RANGILA LLC; SAHIL ISMAIL, INCOR-
PORATED; IS LIKE YOU, INCORPORATED,
*Plaintiffs-Appellees*,

*v.*

FOOD & DRUG ADMINISTRATION; UNITED STATES DEPART-
MENT OF HEALTH AND HUMAN SERVICES; ROBERT M. CALIFF,
COMMISSIONER OF FOOD AND DRUGS; XAVIER BECERRA,
SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN
SERVICES,
*Defendants-Appellants*.

---

On Appeal from the U.S. District Court for the Eastern District of Texas,
No. 6:20-CV-00176

---

**BRIEF OF ALTRIA GROUP, INC. AS AMICUS CURIAE
IN SUPPORT OF REHEARING EN BANC**

---

LISA S. BLATT
SARAH M. HARRIS
  *Counsel of Record*
TYLER J. BECKER
ANDREW G. BORRASSO
WILLIAMS & CONNOLLY LLP
  *680 Maine Avenue S.W.*
  *Washington, DC 20024*
  *(202) 434-5000*
  *sharris@wc.com*

**SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS**

In addition to the interested parties listed in Plaintiff-Appellees' certificate of interested persons, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These supplemental disclosures are made pursuant to this Court's Rules 28.2.1 and 29.2 in order that the judges of this court may evaluate possible disqualification or recusal.

1.     Undersigned counsel certifies that amicus curiae **Altria Group, Inc.** is a publicly traded Virginia corporation.  Altria Group, Inc. does not have a parent corporation, and no person or entity owns more than 10% of Altria Group, Inc.'s stock.

2.     Amicus curiae **Altria Group, Inc.** is represented in this Court by **Lisa S. Blatt**, **Sarah M. Harris**, **Tyler J. Becker**, and **Andrew G. Borrasso** of **Williams & Connolly LLP**, 680 Maine Avenue S.W., Washington, DC 20024.

3.     The remaining parties and their counsel are as follows:

| Plaintiffs-Appellees | Counsel |
|---|---|
| R.J. Reynolds Tobacco Company; Santa Fe Natural Tobacco Company, Incorporated; Neocom, Incorporated; Rangila Enterprises, Incorporated; Rangila LLC; Sahil Ismail, Incorporated; Is Like You, Incorporated | Ryan J. Watson<br>Christian G. Vergonis<br>Alex Potapov<br>Victoria C. Powell<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001<br>(202) 879-3939 |

| **Plaintiff-Appellee** | **Counsel** |
| --- | --- |
| ITG Brands LLC | Philip J. Perry<br>Andrew D. Prins<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, DC 20004<br>(202) 637-2200<br><br>Nicholas L. Schlossman<br>LATHAM & WATKINS, LLP<br>300 Colorado Street<br>Austin, TX 78701<br>(737) 910-7300 |

| **Plaintiff-Appellee** | **Counsel** |
| --- | --- |
| Liggett Group LLC | Constantine Pamphilis<br>KASOWITZ BENSON TORRES LLP<br>1415 Louisiana Street, Suite 2100<br>Houston, TX 77002<br>(713) 220-8852<br><br>Leonard A. Feiwus<br>Nancy Elizabeth Kaschel<br>KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, NY 10019<br>(212) 506-1785 |

| **Defendants-Appellants** | **Counsel** |
| --- | --- |
|  | Lindsey E. Powell |

| | |
|---|---|
| United States Food & Drug Administration;<br>United States Department of Health and Human Services;<br>Robert M. Califf, Commissioner of Food & Drugs;<br>Xavier Becerra, Secretary, U.S. Department of Health and Human Services | U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br><br>Catherine Meredith Padhi<br>Mark Bernard Stern<br>U.S. Department of Justice<br>Civil Division, Appellate Section<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br><br>Stephen Michael Pezzi<br>U.S. Department of Justice<br>Civil Division<br>1100 L Street, N.W.<br>Washington, DC 20530 |

| *Amicus Curiae* | **Counsel** |
|---|---|
| Public Citizen | Nandan M. Joshi<br>Allison Zieve<br>Public Citizen Litigation Group<br>1600 20th Street, N.W.<br>Washington, DC 20009<br>(202) 588-1000 |

| *Amicus Curiae* | **Counsel** |
|---|---|
| Public Health Law Center | Agatha M. Cole<br>BEVERLY, P.L.L.C.<br>43 W. 43rd Street,<br>Suite 159<br>New York, NY 10036<br>(917) 524-8055 |

| *Amicus Curiae* | Counsel |
|---|---|
| American Academy of Pediatrics; American Cancer Society; American Cancer Society Cancer Action Network; American Heart Association; American Lung Association; American Medical Association; Campaign for Tobacco-Free Kids; Children's Hospital Association of Texas; National Association of Hispanic Nurses; Texas Academy of Family Physicians; Texas Hospital Association; Texas Medical Association; Texas Nurses Association; Texas Pediatric Society; Texas PTA; The Cooper Institute; Truth Initiative Foundation; Bruce C. Carter, M.D.; David Lakey, M.D. | Scott P. Lewis<br>Austin P. Anderson<br>ANDERSON & KREIGER, LLP<br>50 Milk Street, Floor 21<br>Boston, MA<br>(617) 621-6576 |

| *Amicus Curiae* | Counsel |
|---|---|
| Washington Legal Foundation | Cory L. Andrews<br>John M. Masslon II<br>WASHINGTON LEGAL FOUNDATION<br>2009 Massachusetts Avenue, NW<br>Washington, DC 20036<br>(202) 588-0302 |

| **Amicus Curiae** | **Counsel** |
| --- | --- |
| Association of National Advertisers and Summus 2, LLC | James C. Grant<br>Caesar Kalinowski IV<br>DAVIS WRIGHT TREMAINE LLP<br>920 Fifth Avenue, Suite 3300<br>Seattle, Washington 98104-1610<br>Phone: (206) 622-3150<br><br>*/s/ Sarah M. Harris*<br>SARAH M. HARRIS<br>*Counsel for Amicus Curiae* |

# TABLE OF CONTENTS

Page

INTEREST OF *AMICUS CURIAE* .................................................................1

SUMMARY OF ARGUMENT.........................................................................2

ARGUMENT ...................................................................................................5

I.  The Panel Opinion Contravenes Supreme Court Precedent ..................5

II. The Panel Opinion Splits with the D.C. Circuit's Approach to Materially Similar Graphic Warnings.......................................................10

III. The Panel Opinion Risks Dismantling First Amendment Protections Against Government-Compelled Speech Across Contexts.................................................................................................13

CONCLUSION..............................................................................................15

# TABLE OF AUTHORITIES

Page

## CASES

*303 Creative LLC v. Elenis*, 600 U.S. 570 (2023)...................................5

*Am. Acad. of Pediatrics v. FDA*,
   2019 WL 1047149 (D. Mass. Mar. 5, 2019)........................................7

*Am. Beverage Ass'n v. City & County of San Francisco*,
   916 F.3d 749 (9th Cir. 2019) (en banc)...........................................8

*Am. Meat Inst. v. U.S. Dept. of Agric.*,
   760 F.3d 18 (D.C. Cir. 2014) (en banc)...........................................9

*Discount Tobacco City & Lottery v. United States*,
   674 F.3d 509 (6th Cir. 2012)........................................................8

*Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229 (2010) ........9

*Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263 (9th Cir. 2023)...........14

*Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S. 755 (2018)........*passim*

*R.J. Reynolds Tobacco Co. v. FDA*, 696 F.3d 1205 (D.C. Cir. 2012)......3, 10, 11

*Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985)...........*passim*

## CONSTITUTION AND REGULATION

U.S. Const. amend. I...................................................................*passim*

Required Warnings for Cigarette Packages and Advertisements,
   85 Fed. Reg. 15,638 (Mar. 18, 2020)..............................................9

## OTHER AUTHORITIES

Brenda Goodman, *Critics Charge Political Concerns Have Led Biden
   Administration to Delay Long-Awaited Ban on Menthol
   Cigarettes*, CNN (Dec. 6, 2023), https://tinyurl.com/39npd693 ....................7

Tripp Mickle, *Antitobacco Groups Sue FDA to Require Graphic Warning Labels on Cigarette Packs*, Wall St. J. (Oct. 4, 2016), https://tinyurl.com/v5yv6xw3 ...........................................................................7

Matthew L. Myers, Press Release, *Government's Decision Not to Appeal Cigarette Warning Ruling Is Disappointing; FDA Should Quickly Develop New Set of Graphic Warnings*, Campaign for Tobacco-Free Kids (Mar. 19, 2013), https://tinyurl.com/2z5ex3ck ..............7

## INTEREST OF *AMICUS CURIAE* [1]

Altria Group, Inc. owns a family of companies including Philip Morris USA Inc., America's leading cigarette manufacturer, and Nat Sherman, which sells super-premium cigarettes and cigars. Altria remains committed to ensuring adult consumers receive accurate, non-misleading health information about tobacco product risks. These companies' cigarette packaging and advertising have long displayed the Surgeon General's text-only warnings regarding smoking-related health risks, which have informed consumers about common health consequences of smoking.

FDA's Rule, however, compels manufacturers to disparage their own products with inflammatory, misleading graphic warnings. In 2020, Philip Morris and Nat Sherman challenged the Rule. *See* Complaint, *Philip Morris USA Inc. v. FDA*, No. 1:20-cv-01181 (D.D.C. May 6, 2020), ECF No. 1. After the U.S. District Court for the Eastern District of Texas set aside the Rule for violating the First Amendment, Philip Morris and Nat Sherman voluntarily

---

[1] No counsel for any party authored this brief in whole or in part and no person other than Altria or its counsel made a monetary contribution to fund the preparation or submission of this brief. *See* Fed. R. App. P. 29(a)(4)(E). Altria has sought leave to file this brief.

dismissed their suit without prejudice to promote judicial economy. Altria thus has a significant interest in this case and its consideration en banc.

## SUMMARY OF ARGUMENT

Ordinarily, government-compelled speech is anathema to the First Amendment. *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 651 (1985), recognized a limited exception to that rule, allowing lesser First Amendment scrutiny only if the government requires "purely factual and uncontroversial" speech that is not "unjustified or unduly burdensome." The Supreme Court recently confirmed the narrowness of that exception, recognizing that *Zauderer* does not apply to entire categories of highly controversial topics (like abortion), and that the size and format of disclosures cannot "drown[] out" speakers' messages. *Nat'l Inst. of Fam. & Life Advocs. v. Becerra (NIFLA)*, 585 U.S. 755, 768-69, 778 (2018).

Other circuits have accordingly applied higher scrutiny whenever the government tries to compel speakers to espouse emotion-provoking messages, or messages that could mislead audiences, or factual messages that drown out too much of the speaker's own speech. En Banc Pet. 4-11. Indeed, the D.C. Circuit applied intermediate scrutiny to invalidate FDA's previous graphic-

warnings rule because those warnings—like FDA's new warnings here—intentionally provoked emotional reactions and could mislead consumers. *R.J. Reynolds Tobacco Co. v. FDA*, 696 F.3d 1205, 1213-17 (D.C. Cir. 2012).

The panel opinion parts ways with this consensus and isolates the Fifth Circuit as a speech-constraining outlier. The Supreme Court applies *Zauderer* review only if government-compelled speech is "purely factual and uncontroversial." Yet the panel would apply *Zauderer* review even to compelled speech that is misleading, exaggerated, and emotion-inducing.

The Supreme Court separately refuses to apply *Zauderer* review if government compelled-speech requirements excessively burden private speech or impose unjustifiable restrictions. Yet the panel found no untoward burden from the government commandeering 50% of products' packaging and 20% of advertisements, so long as courts believe that manufacturers have some room to speak. Appx.36. The result: the panel saw no First Amendment problem with forcing manufacturers to blanket their own products with "startling," "gross," and "powerfully disturbing" images, ROA.1409-11, like grotesque amputated toes, bloody, extracted lungs, and men shamed by erectile dysfunction.

Left undisturbed, the panel's approach risks emboldening federal, state, and local governments to compel vast swaths of speech. Press statements, advertisements, packaging, and corporate disclosures could be fair game for the government to commandeer for its own messaging. Any government-disfavored products or topics could be next. EPA could compel gas stations to emblazon pumps with enormous warnings telling consumers that cars contribute to global warming and depict submerged island nations and glassy-eyed, extinct polar bears. States might require clinics dispensing COVID vaccines to feature large posters warning that teenage boys could be felled by heart inflammation, or conversely to warn that non-vaccination risks killing grandparents. Some state regulators might compel doctors to profess on their websites that performing gender-reassignment surgery on minors prevents suicide; other states' regulators might require their medical professionals to proclaim that performing such surgeries increases suicide risks.

Other circuits would halt such compelled speech with higher scrutiny. This Court should grant en banc review to prevent this Circuit from becoming an out-of-step safe haven for government-compelled messaging.

# ARGUMENT

## I.   The Panel Opinion Contravenes Supreme Court Precedent

The First Amendment stands as a bulwark against governmental attempts to compel citizens to become unwilling mouthpieces for government speech. *303 Creative LLC v. Elenis*, 600 U.S. 570, 586-87 (2023). The government can compel speech without facing withering scrutiny only if (1) the speech involves "purely factual and uncontroversial information" and (2) the disclosures are not "unjustified or unduly burdensome." *Zauderer*, 471 U.S. at 651. This narrow exception applies only to "purely factual and uncontroversial information about the terms under which … services will be available." *NIFLA*, 585 U.S. at 768-69 (citation omitted).

The panel opinion risks transforming *Zauderer*'s narrow exception for factual, low-burden disclosures into a Trojan horse for governments to smuggle misleading, inflammatory, and onerous compelled speech past First Amendment barricades. Start with *Zauderer*'s limitation for "purely factual and uncontroversial" information. Misleading speech is the quintessential no-go, since the government can hardly claim an interest in misleading the public. *See NIFLA*, 585 U.S. at 768-69. Yet the panel defined "purely factual … in-

formation" by "reject[ing] the construction … that, to be factual, the information must be true." Appx.22 & n.47. Misleading speech would be "purely factual" if the government compels "information supported by facts" or "conclusions driven by those facts." Appx.22. "[E]ven … exaggerated or non-modal" conclusions—if supported by some "scientific findings"—would qualify. Appx.23. Compelled statements that are largely but not "overwhelmingly disproven" are apparently fine. Appx.27. Nor need the government worry about additional meanings consumers might take from incendiary accompanying images: per the panel, images "make[] no difference to the constitutional analysis of factuality." Appx.23. To state the obvious, if "purely factual" information means "not 100% universally recognized as false" information, *Zauderer* review could swallow almost anything.

Next take the Supreme Court's requirement of "uncontroversial" speech, which excludes entire topics (like abortion) that inherently provoke heated debate. *See NIFLA*, 565 U.S. at 769. Yet, the panel would apply lesser *Zauderer* review even to government-compelled "emotion-inducing and ideological" speech, barring statements that are "overwhelmingly disproven" or are "an inherent part of a national political debate." Appx.27.

Even under the panel's approach, if the speech at issue here does not qualify as "an inherent part of a national political debate," it is anyone's guess what speech besides abortion would. Warnings and restrictions for tobacco products have long provoked polarized political views, and continue to do so today. *E.g.*, Brenda Goodman, *Critics Charge Political Concerns Have Led Biden Administration to Delay Long-Awaited Ban on Menthol Cigarettes*, CNN (Dec. 6, 2023), https://tinyurl.com/39npd693. Indeed, FDA's issuance of this very rule came after national political campaigns and lawsuits by groups to pressure FDA to act faster.[2]

Further, the panel's approach dilutes the Supreme Court's separate requirement that government-compelled disclosures receive *Zauderer* review only if they are not "unduly burdensome" or "unjustified," *i.e.*, they do not "drown[] out the [speaker's] own message." *NIFLA*, 585 U.S. at 777-78. The panel greenlit warning labels covering 50% of product packaging and 20% of

---

[2] *See Am. Acad. of Pediatrics v. FDA*, 2019 WL 1047149, at *1-3 (D. Mass. Mar. 5, 2019); Tripp Mickle, *Antitobacco Groups Sue FDA to Require Graphic Warning Labels on Cigarette Packs*, Wall St. J. (Oct. 4, 2016), https://tinyurl.com/v5yv6xw3; Matthew L. Myers, Press Release, *Government's Decision Not to Appeal Cigarette Warning Ruling Is Disappointing; FDA Should Quickly Develop New Set of Graphic Warnings*, Campaign for Tobacco-Free Kids (Mar. 19, 2013), https://tinyurl.com/2z5ex3ck.

advertisements by summarily deeming the remaining space sufficient for manufacturers' own speech.  Appx.36.

In no other context would courts consider government commandeering of 50% of someone else's property or speech unproblematic because some remaining space remains free.  Quite the contrary, the Supreme Court considered a 29-word "government-drafted statement" unduly burdensome because the government's statement "call[ed] attention to the [government's] notice, instead of [the speaker's] own message."  *NIFLA*, 585 U.S. at 778.  Similarly, the Ninth Circuit deemed a government-drafted warning that occupied 20% of "advertisement[s]" for sugar-sweetened beverages unduly burdensome.  *Am. Beverage Ass'n v. City & County of San Francisco*, 916 F.3d 749, 753-54 (9th Cir. 2019) (en banc).  This Court should not be the only one to diminish First Amendment compelled-speech burdens into subjective judgments about how many freely-spoken words in one's own advertising, packaging, or press statements a private speaker needs.[3]

---

[3] The panel's reliance on *Discount Tobacco City & Lottery v. United States*, 674 F.3d 509 (6th Cir. 2012), offers no support, because *NIFLA* abrogated the Sixth Circuit's approach, which did not separately require the government to show that disclosures were not unduly burdensome.  *Id.* at 554, 566-67; En Banc Pet. 16-18.

Finally, the panel's approach puts an improper thumb on the speech-restricting scale by vastly expanding what counts as a legitimate governmental interest. The Supreme Court has only applied *Zauderer* scrutiny where compelled disclosures are "reasonably related to … preventing deception of consumers," 471 U.S. at 651, *e.g.*, to combat "inherently misleading advertisements." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 250 (2010). Yet, the panel would go "outside the consumer-deception context" and count "*any* legitimate … interest" in mandating that businesses provide information. Appx.28, 31.

That circular interest would be too easily satisfied, since the government can always say that consumers have an interest in being better-informed. *Am. Meat Inst. v. U.S. Dept. of Agric.*, 760 F.3d 18, 31 (D.C. Cir. 2014) (en banc) (Kavanaugh, J., concurring in the judgment). At minimum, the panel should have treated that circular interest skeptically here. While the government aimed to inform consumers of "less-known health consequences of smoking," Required Warnings for Cigarette Packages and Advertisements, 85 Fed. Reg. 15,638, 15,653 (Mar. 18, 2020), consumers already universally appreciated several of those risks. *E.g.*, ROA.4196, ROA.4204, ROA.4209.

## II. The Panel Opinion Splits with the D.C. Circuit's Approach to Materially Similar Graphic Warnings

Further underscoring the need for en banc review, the D.C. Circuit's contrary approach to the FDA's similar, earlier graphic-warnings regime confirms that FDA's rule could not pass First Amendment muster elsewhere.

Begin with the night-and-day legal analysis. The D.C. Circuit correctly considered *Zauderer* a "narrow … exception[] to the general rule that content-based speech regulations—including compelled speech—are subject to strict scrutiny." *R.J. Reynolds*, 696 F.3d at 1212 (cleaned up). But the panel reasoned that *Zauderer* applies to "advertising" generally. Appx.18.

Similarly, the D.C. Circuit correctly recognized that "purely factual" information does not just exclude gross falsehoods. While "none of the[] images" at issue were "patently false, they certainly d[id] not impart purely factual, accurate, or uncontroversial information to consumers"—so they "f[e]ll outside the ambit of *Zauderer*." *R.J. Reynolds*, 696 F.3d at 1217. Compelled speech that "could be misinterpreted" is not "purely factual." *Id.* at 1216. The panel held the opposite: "exaggerated or non-modal" conclusions and statements that are not "overwhelmingly disproven" can count as "purely factual and uncontroversial." Appx.23, 27.

Likewise, the D.C. Circuit defined "uncontroversial" speech as "indisputably accurate and not subject to misinterpretation"—not speech "primarily intended to evoke an emotional response." *R.J. Reynolds*, 696 F.3d at 1216. Yet the panel sweepingly stated: "ideological baggage has no relevance to the first *Zauderer* prong." Appx.24. Nor does "the emotional impact" of images or statements matter. Appx.25.

Those legal differences matter immensely for FDA's chances when defending the actual warnings. Applying the correct framework, the D.C. Circuit deemed FDA's earlier warnings non-factual, ideological, and potentially misleading to consumers. Yet the panel's watered-down approach to *Zauderer* found no First Amendment problems with new warnings that risk *misleading* consumers. By overlooking copious record evidence that FDA knew its own study participants considered various warnings misleading and emotionally disturbing, the panel's approach risks minimizing the government's First Amendment burden further. For example:

| Misleading |
|---|
|  • FDA's study revealed some consumers might think that the manufacturer believes erectile dysfunction is shameful; others might conclude that it leads to "depression" or "a strained relationship." ROA.1443. |

| | |
|---|---|
| | • FDA study participants agreed "it was difficult to know what the image depict[ed]." ROA.1443. |
| 

**WARNING:** Tobacco smoke causes fatal lung disease in nonsmokers. | • FDA's study revealed that some participants thought the image depicts a healthy lung; others thought the image shows an unhealthy one. Study participants were confused whether the lungs "had just been removed or were going to be put in someone's body." ROA.4393. |

| **Emotionally Provocative** ||
|---|---|
| 

**WARNING:** Smoking reduces blood flow to the limbs, which can require amputation. | • FDA's final qualitative study report noted "[t]he idea of losing limbs scares some participants." ROA.1441.<br>• FDA study participants called a similar earlier image "startling," "gross," "powerfully disturbing," and said the image had "shock value." ROA.1409-11.<br>• One participant said of an earlier, similar image: "it's just nasty.  I just want to gag…. Yes, this is disgusting.  Really, it's repulsive so I don't want to see it anymore." ROA.5437. |
| 

**WARNING:** Tobacco smoke can harm your children. | • FDA's study reported, as to a similar, earlier image, that the "sadness expressed in the subject's eyes and the oxygen mask grabbed participants' attention" and that participants described the image as "scary," "cruel[]," and provoking "despair." ROA.1302.<br>• FDA altered the graphic to make the child look sicker and "[m]aintain the look of dismay (e.g., sadness in the eyes)." ROA.1417. |

| | |
|---|---|
|  **WARNING:** Smoking during pregnancy stunts fetal growth. | • FDA study participants described a similar, earlier image as "heartbreaking" and "sadden[ing]"; one participant said the image "would really creep me out." <u>ROA.1306</u>.<br><br>• FDA's study recommended keeping this image because "[p]articipants clearly demonstrated an emotional connection." <u>ROA.1421</u>. |

Ordinarily, pictures are worth a thousand words, not zero. If adding images does not change the First Amendment calculus, Appx.23-26, the sky would be the limit for the government to couple factual, quasi-factual, or not 100% obviously false statements with shocking and offensive images. Courts within this Circuit might never consider whether images change the message viewers obtain. The D.C. Circuit unambiguously recognized that images can make underlying text more misleading, controversial, and offensive to the First Amendment. The en banc court should ensure that this Circuit does too.

## III.    The Panel Opinion Risks Dismantling First Amendment Protections Against Government-Compelled Speech Across Contexts

The panel's approach also risks inviting federal, state, and local governments to try their hand at using compelled speech to sway public opinion across myriad contexts. For instance, governments could force:

• Distributors of meats, vegetables, coffee, etc. to include warning labels that those products increase one's cancer risk, while misleadingly omitting that

countless products involve similar cancer risks. *But see Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1276-81 (9th Cir. 2023) (refusing to apply *Zauderer* to such labels).

- Concert performers to take 15-minute breaks to read warnings about hearing loss, accompanied by a multisensory slideshow of bleeding eardrums.

- All foreign-made pet food to warn in giant, bolded font: **NOT MADE IN AMERICA PURSUANT TO FEDERAL SAFETY STANDARDS**, alongside graphics of dog cemeteries and poisoned cats.

- Real-estate listings within three miles of chemical plants to warn: LIVING IN THIS HOME MAY CAUSE BIRTH DEFECTS.

- Flight attendants to announce before takeoff whether the plane manufacturer has a history of safety problems, while passengers watch a video showing passengers panicking during a crash.

- Electric-car manufacturers to provide brochures to potential customers about the risks the cars will explode.

Under the panel's approach, those hypotheticals are the tip of the iceberg. Governments would have every incentive to test the bounds of the panel's ruling and force a wide array of private speakers to become government mouthpieces for government viewpoints.

## CONCLUSION

The petition for rehearing en banc should be granted.

Respectfully submitted,

/s/ *Sarah M. Harris*

LISA S. BLATT
SARAH M. HARRIS
  *Counsel of Record*
TYLER J. BECKER
ANDREW G. BORRASSO
WILLIAMS & CONNOLLY LLP
  *680 Maine Avenue S.W.*
  *Washington, DC 20024*
  *(202) 434-5000*
  *sharris@wc.com*

MAY 13, 2024

*Counsel for Amicus Curiae Altria Group, Inc.*

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Sarah M. Harris, counsel for amicus curiae Altria Group, Inc. and a member of the Bar of this Court, certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B), that the attached Brief for Amicus Curiae Altria Group, Inc. in Support of Rehearing En Banc is proportionately spaced, has a typeface of 14 points or more, and contains 2,577 words.

/s/ *Sarah M. Harris*
SARAH M. HARRIS

May 13, 2024

## CERTIFICATE OF SERVICE

I, Sarah M. Harris, counsel for amicus curiae Altria Group, Inc. and a member of the Bar of this Court, certify that, on May 13, 2024, a copy of the attached Brief for Amicus Curiae Altria Group, Inc. in Support of Rehearing En Banc was filed with the Clerk and served on the parties through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ *Sarah M. Harris*
SARAH M. HARRIS

May 13, 2024